PINE RIDGE RECYCLING,
INC. et al., Plaintiffs,

v.

BUTTS COUNTY, GEORGIA,
et al., Defendants.

Civ. A. No. 93–426–2–MAC (WDO).

United States District Court,
M.D.Georgia,
Macon Division.

Jan. 18, 1995.

---

See also 874 F.Supp. 1383.

Stephen E. O'Day, Clark G. Sullivan, and George E. Butler, II, Atlanta, GA, for plaintiffs.

Joseph R. Cullens, Jack N. Sibley, H. Lane Young, II; and Nickolas P. Chilivis, Atlanta, GA, for defendants.

### ORDER

OWENS, District Judge.

Before the court is defendants' motion in limine to exclude evidence of plaintiffs' claimed damages on account of plaintiffs' failure to comply with Federal Rule of Civil Procedure ("FED.R.CIV.P.") 26(a)(1)(C). Defendants complain that plaintiffs' anomalous description of damages violates the recently enacted mandatory disclosure requirements of the Federal Rules of Civil Procedure. At the heart of defendants' argument is that if plaintiffs can name a precise figure, they can provide a precise method of calculation. Defendants seek exclusion, pursuant to FED. R.CIV.P. 37(c), of any evidence pertaining to damages which plaintiff did not affirmatively disclose.

Plaintiffs respond by pointing to the voluminous evidence on the issue of damages brought out at the preliminary injunction hearing before this court on January 26, 1994. This evidence, plaintiffs contend, provides defendants with sufficient information to calculate the damages which plaintiffs estimate were suffered by them.

In this court's considered judgment, the categories of damages identified by plaintiffs—delayed revenue, time value of money prematurely invested, lost waste streams, and costs of responding to actions brought for an improper purpose—are sufficiently specific in light of the evidence initially developed by reason of the preliminary injunction hearing. It appears to the court that two sources for dispute potentially exist: one is the amount of damages actually claimed, and the second concerns the method of computation used to arrive at that figure. At this point, disputing the amount of damages actually claimed is analogous to arguing over the birth weight of a baby 3 months into the pregnancy. Arguments over the method of computation are similarly premature since the method will necessitate expert testimony, which is not due until later this year. Defendants' motion is **DENIED.**

**SO ORDERED.**